Thomas J. FRYE

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services.

Civ. A. No. 83–5123.

United States District Court, E.D. Pennsylvania.

June 27, 1984.

Joseph P. Semasek, McAdoo, Pa., for plaintiff.

Serena H. Dobson, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

The issue here is whether there is substantial evidence to support the findings of the Secretary. 42 U.S.C. § 405(g). "Substantial evidence" has been defined as "more than a mere scintilla". It means such relevant evidence as a "reasonable mind might accept as adequate to support a conclusion". *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). As was stated in *Smith v. Califano,* 637 F.2d 968 (3rd Cir.1981):

> Despite the deference to administrative decisions implied by this standard, appellate courts retain a responsibility to scrutinize the entire record and to reverse or remand if the Secretary's decision is not supported by substantial evidence. *Baerga v. Richardson,* 500 F.2d 309 (3d Cir.1974), *cert. den.* 420 U.S. 931, 95 S.Ct. 1133, 43 L.Ed.2d 403 (1975); *Williams v. Finch,* 440 F.2d 613 (5th Cir. 1971); *Thomas v. Celebrezze,* 331 F.2d 541 (4th Cir.1964). (See page 970).

We here conclude that the Secretary's decision is not supported by substantial evidence. A review of the entire record unequivocally discloses that the Administrative Law Judge (ALJ) reached his decision in large part based almost exclusively upon the results of ventilatory studies weighed and considered in the context of complicated and detailed regulations binding upon the ALJ.

On the contrary, a consideration of the entire record discloses that the plaintiff, a black lung victim, has already been found by another governmental agency to be per-

manently and totally disabled as the result of his employment in the mines where he was not only exposed almost continuously to a dust-laden atmosphere, but also suffered accidental injuries of a serious and debilitating nature. Although the ALJ found the plaintiff suffering from "obstructive airways disease", he concluded that plaintiff has not established total disability prior to the date when he was last insured. The medical testimony establishes otherwise as do the plaintiff's subjective complaints.

Although, as the record will show, we not infrequently grant the defendant's motion for summary judgment, we are here compelled to the reverse conclusion. In *Smith v. Califano,* supra, the court stated:

> The ALJ's conclusion that claimant did not have a statutory disability is, as a matter of law, just too speculative to be sustainable. The ALJ seems to have relied heavily on the fact that claimant had testified that "he had full use of his hands, arms and legs, does shopping and last fall went hunting twice". Appl. at 124. Yet, statutory disability does not mean that a claimant must be a quadriplegic or an amputee. Similarly, shopping for the necessities of life is not a negation of disability and even two sporadic occurrences such as hunting might indicate merely that the claimant was partially functional on two days. Disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity. Smith's activities are miniscule when compared to a plethora of cases which have held that there was total disability even when the claimant was far more active than Smith.... (See page 971).

Plaintiff's "activities" are far less than those described in *Smith.*

Here, there was ample medical testimony to support the plaintiff's contentions. True, such medical testimony postdated the date when the plaintiff last enjoyed an insured status. The clear inferences from such testimony and the only rational and logical conclusion which can be drawn therefrom, considered in the context of the entire case, support the plaintiff's position. There is no reasonably valid evidence to the contrary other than the results of ventilatory studies as interpreted by the ALJ. Walking as little as one block on the level and less than that if up hill or on a flight of stairs produces the disabling symptoms. As early as June 7, 1976, a qualified medical witness, reaching a diagnosis of "emphysema; anthracosilicosis" concluded "in my professional opinion he is permanently and totally disabled as a result of working in the mines (Tr. 116). This medical opinion is rejected by the ALJ on the basis that "it is totally inconsistent with the great weight of the objective findings" (Tr. 12). This conclusion is simply not supported by the record. Rather, the record contains multiple objective findings consistent with total disability and other medical opinions, bearing subsequent dates, which unequivocally support the conclusion that the plaintiff was totally disabled within the period of his insured status and remains totally disabled today (Tr. 121, 122, 126, 128, 129, 132, 134).

Because the ALJ has failed to give proper consideration to the plaintiff's subjective complaints, to the medical testimony offered by him and the opinions there expressed, has given inadequate consideration to objective findings and to plaintiff's limited physical activities and capabilities, we have no choice but to grant the motion for summary judgment filed by the plaintiff and deny the cross-motion for summary judgment filed by the defendant. *See Smith v. Califano, supra.*